UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES ALLAN HOUDE, | Case No. C17-1231-RAJ-JPD |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| CATHERINE SCHROEDER, ARNP, *et al.*, | |
| Defendants. | |

Plaintiff, who is residing at Bishop Lewis Work Release in Seattle, Washington, is proceeding *pro se* and *in forma pauperis* ("IFP") in this 42 U.S.C. § 1983 civil rights action regarding the medical care he previously received at the King County Correctional Facility ("KCCF"). This matter comes before the Court upon plaintiff's letter to the Court dated May 8, 2018, along with numerous medical records from KCCF. Dkt. 21.

On April 4, 2018, plaintiff filed his first amended complaint in this action, which identified eight individuals by name: ARNP Catherine Schroeder, NP Florence Smith, Dr. Roger Higgs, RN Casey Dooley, Officer Lewis, RN Omer, Eileen Danz, and RN Mary Pat Sweetman. Dkt. 19. By Order dated April 11, 2018, the Court granted plaintiff leave to file a Second Amended Complaint in order to clarify whether he did, in fact, intend to name all eight individuals as defendants. Dkt. 20. Specifically, the Court advised plaintiff that although his amended complaint, if construed liberally, alleges sufficient facts to state a claim against

REPORT AND RECOMMENDATION
PAGE - 1

ARNP Catherine Schroeder, NP Florence Smith, and Dr. Roger Higgs under Rule 8(a) of the Federal Rules of Civil Procedure, it was not clear whether (or how) the remaining five defendants caused plaintiff any harm of federal constitutional dimension. *Id*. at 2. Indeed, the Court noted that plaintiff's description of his interactions with these individuals suggested that they may have helped the plaintiff. Dkt. 20 at 1-2.

As a result, the Court directed the Clerk to provide plaintiff with the Court's civil rights complaint form, explaining that "by using this form, plaintiff can clarify the defendants in this action and his factual allegations against them. Plaintiff should be careful to complete each section of this form." *Id*. Plaintiff was further advised that, "if plaintiff does not submit a second amended complaint, the Court will recommend that RN Casey Dooley, Officer Lewis, RN Omer, Eileen Danz, and RN Mary Pat Sweetman be dismissed from the case, and that this action proceed only against ARNP Catherine Schroeder, NP Florence Smith, and Dr. Roger Higgs." *Id*.

To date, plaintiff has not filed a second amended complaint, either with or without the Court's civil rights complaint form, although the amended pleading was due by no later than May 10, 2018. Dkt. 20. Plaintiff's letter to the Court explains that "I seem to struggle with this amended complaint," and "it is extremely hard to do as the courts wish, dates, names, time, why. I can only show it to the courts." Dkt. 21 at 3. Thus, plaintiff does not attempt to clarify or explain the factual basis of his claims against the individual defendants as directed by the Court, but instead only attaches 250 pages of his medical records from KCCF.[1]

---

[1] Plaintiff does state that he is providing Florence Smith's report "where she says I am a fake and she kicked me out of the Mental Health POD put me in General Population." Dkt. 21 at 1. However, plaintiff's May 8, 2018 letter does not contain sufficient facts to state a claim against any of the named defendants. As a result, it would not be in plaintiff's best interest to construe his letter as a second amended complaint, and the Court declines to do so. As plaintiff was advised by the Court's Order, any second amended pleading would operate as a complete substitute for the original pleading. Dkt. 20 at 2.

Accordingly, plaintiff's first amended complaint, Dkt. 19, fails to adequately state a cause of action against the following individuals: RN Casey Dooley, Officer Lewis, RN Omer, Eileen Danz, and RN Mary Pat Sweetman.  Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.  In order to sustain a civil rights action, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, a plaintiff must allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  Plaintiff's amended complaint, Dkt. 19, fails to meet the pleading requirements set forth above with respect to these five defendants, and plaintiff declined to file a timely second amended complaint curing these deficiencies.  As a result, the Court recommends that these defendants be DISMISSED, and this civil rights action proceed only against ARNP Catherine Schroeder, NP Florence Smith, and Dr. Roger Higgs.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **June 12, 2018**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 15, 2018.**

REPORT AND RECOMMENDATION
PAGE - 3

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 22nd day of May, 2018.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge